STROOCK & STROOCK & LAVAN LLP
ARJUN P. RAO (State Bar No. 265347)
JULIETA STEPANYAN (State Bar No. 280691)
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
Telephone: 310.556.5800
Facsimile: 310.556.5959
Email: *lacalendar@stroock.com*

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN THE MATTER OF CHARLENE OSBORNE,<br><br>CONSERVATORSHIP.<br>_______________<br>Patricia Graham and Pamela Wade as Conservators of the Estate of Charlene G. Osborne,<br><br>Petitioners,<br><br>vs.<br><br>WELLS FARGO & COMPANY, a Delaware Corporation; JP MORGAN CHASE BANK, N.A., and DOES 1 through 50,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A.** |

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST, 18TH FLOOR
LOS ANGELES, CA 90067-3086

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1441 and 1446, defendant JPMorgan Chase Bank, N.A. ("Chase") by and through its counsel, hereby removes the action entitled Patricia Graham, et al. v. Wells Fargo Bank, N.A., et al., Case No. 20STPB02845, pending in the Superior Court of the State of California, County of Los Angeles (the "State Court Action"), to the United States District Court for the Central District of California on the following grounds:

1. Removal Is Timely. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). As initially filed, the original Petition/Complaint for Damages ("Complaint") was not removable. The Complaint, which alleged only state law causes of action, named two defendants—Wells Fargo & Company and JPMorgan Chase Bank, N.A.—of whom one (Wells Fargo & Company) was a California citizen. Because petitioners Patricia Graham and Pamela Wade, as conservators of the Estate of Charlene G. Osborne ("Petitioners"), also are California citizens, diversity jurisdiction pursuant to 28 U.S.C. § 1332 did not exist as there was not complete diversity.

Petitioners' First Amended Petition/Complaint ("FAC") is the first pleading from which it may be ascertained that the State Court Action may be removed to this Court. Specifically, the FAC reveals that complete diversity of citizenship exists—Wells Fargo & Company is no longer a named defendant, and instead the FAC names Wells Fargo Bank, N.A. ("Wells Fargo"), a citizen of South Dakota. Petitioners served Chase with the FAC on August 2, 2022, by electronic service, which is the first date Chase received a copy of the amended pleading. Chase has filed its notice of removal within thirty days after receipt of the FAC and removal is

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST, 18TH FLOOR
LOS ANGELES, CA 90067-3086

therefore timely. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings filed in the State Court Action are attached hereto as **Exhibit A**.

2. Diversity Jurisdiction. This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a) and the State Court Action is removable to this Court by Chase pursuant to 28 U.S.C. § 1441(b). The State Court Action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

a. Complete Diversity of Citizenship Exists. Complete diversity exists because Petitioners are citizens of California, Chase is a citizen of Ohio, and Wells Fargo is a citizen of South Dakota. For purposes of diversity jurisdiction, a national banking association "is a citizen of the State in which its main office, as set forth in its articles of association, is located[.]" Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006); see also Rouse v. Wachovia Mortg., FSB, 747 F.3d 707, 715 (9th Cir. 2014) (holding that "a national bank is a citizen only of the state in which its main office is located."). Chase is a national bank with its main office, as designated in its articles of association, in Columbus, Ohio. (See FAC ¶ 3.) Chase is therefore a citizen of Ohio. Further, it is well-settled that Wells Fargo is a national bank with its main office, as designated in its articles of association, located in Sioux Falls, South Dakota, and thus Wells Fargo is a citizen of South Dakota. "We hold that, under § 1348, a national banking association is a citizen only of the state in which its main office is located. Accordingly, Wells Fargo is a citizen only of South Dakota, where its main office is located, and the district court's judgment to the contrary is reversed." Rouse, 747 F.3d at 715. "Following the holding set by the Ninth Circuit Court of Appeals, the Court finds that Wells Fargo is a citizen of South Dakota; thus the parties are diverse in the instant matter." Arzaga v. Wells Fargo Bank, N.A., 2016 WL 6698954, at *3 (S.D. Cal. Nov. 14, 2016); McKenna v. Wells

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST, 18TH FLOOR
LOS ANGELES, CA 90067-3086

Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012) (finding that "Wells Fargo is a citizen of South Dakota for diversity purposes"). Further, the location of Wells Fargo's main office in South Dakota is publicly-available information maintained by the federal Office of the Comptroller of the Currency, at https://www.occ.treas.gov/topics/charters-and-licensing/financial-institution-lists/index-financial-institution-lists.html. Wells Fargo is therefore a citizen of South Dakota. Accordingly, complete diversity of citizenship exists.

b. The Amount In Controversy Is Satisfied. Chase denies any liability whatsoever. However, by the allegations in the FAC, the amount in controversy exceeds the $75,000.00 threshold. See 28 U.S.C. § 1446(c)(2) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"); Crum v. Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000) ("Generally, the amount in controversy is determined from the face of the pleadings."). In the FAC, Petitioners seek damages of "not less than One Million Dollars" from Wells Fargo and damages of "not less than One Million Dollars" from Chase. (FAC, ¶¶ 19, 30). Accordingly, the amount in controversy satisfies the $75,000.00 threshold.

3. The Other Named Defendant Consents to Removal. The other named defendant, Wells Fargo, has been served with the FAC and has consented to the removal of the State Court Action. See 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under 1441(a), all defendants who have been properly named and served must join in or consent to the removal of the action."). Therefore, Chase may remove this action.

4. Venue Is Proper In This Court. This Court is the proper district court for removal because the Superior Court of the State of California for the County of Los Angeles is located within the United States District Court for the Central District of California. See 28 U.S.C. § 1441(a).

5. Notice Will Be Effected. Chase concurrently is filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of Los Angeles, without exhibits. Chase will concurrently serve Petitioners with copies of this Notice of Removal and the state court notice.

Dated: August 23, 2022

STROOCK & STROOCK & LAVAN LLP
ARJUN P. RAO
JULIETA STEPANYAN

By: */s/ Julieta Stepanyan*
Julieta Stepanyan

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST, 18TH FLOOR
LOS ANGELES, CA 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST, 18TH FLOOR
LOS ANGELES, CA 90067-3086

## CERTIFICATE OF SERVICE

I hereby certify that, on August 23, 2022, a copy of the foregoing **NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A.** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Julieta Stepanyan*
Julieta Stepanyan

**VIA U.S. MAIL**:

Nathan B. Hoffman, Esq.
HOFFMAN LAW FIRM
22287 Mulholland Hwy #426
Calabasas, CA 91302-5190

Alice A. Salvo, Esq.
LAW OFFICES OF ALICE A. SALVO
20350 Ventura Blvd., Suite 110
Woodland Hills, CA 91364

Eric Bevan, Esq.
FOX ROTHSCHILD LLP
777 S. Flagler Drive
Suite 1700 West Tower
West Palm Beach, FL 33401