UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 22-cv-05986-RGK-MAA | Date | 10/31/2022 |
|---|---|---|---|
| Title | *Graham et al v. Wells Fargo Bank, N.A. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Plaintiffs' Motion to Remand [DE 22]

## I.   INTRODUCTION

On August 3, 2022, Patricia Graham and Pamela Wade (collectively "Plaintiffs") filed their First Amended Complaint, as conservators of the estate of Charlene G. Osborne, in Los Angeles Superior Court against Wells Fargo Bank, N.A. ("Wells Fargo") and JPMORGAN Chase Bank, N.A. ("Chase Bank") (collectively "Defendants"). Plaintiffs allege state statutory claims for elder abuse. Defendant subsequently removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.

Presently before the Court is Plaintiffs' Motion to Remand. (ECF No. 22.) For the following reasons, the Court **DENIES** Plaintiffs' Motion.

## II.   FACTUAL BACKGROUND

In their complaint, Plaintiffs allege the following:

Plaintiffs are the duly appointed and current conservators of the Estate of Charlene G. Osborne ("Ms. Osborne"). Starting on May 31, 2019, Ms. Osborne began sending, and directly depositing, large sums of money from her Wells Fargo account to individuals she had never met. Ms. Osborne was instructed to send the money by an individual who called themself "Rusty Courtney." (First Amended Compl. ¶ 9.) All told, Ms. Osborne lost $80,400 from her Wells Fargo account. There is no record that Wells Fargo made any reports to law enforcement or Adult Protective Services, which banks are mandated to do by law if there is suspected elder financial exploitation.

Similarly, starting on September 20, 2019, Ms. Osborne used cashier checks to send money from her Chase Bank account to individuals she had never met. Ms. Osborne was instructed that these payments were to cover fees for a 250-million-dollar sweepstake she had won. Other payments were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 22-cv-05986-RGK-MAA | Date | 10/31/2022 |
|---|---|---|---|
| Title | *Graham et al v. Wells Fargo Bank, N.A. et al.* | | |

made for another scam, where Ms. Osborne believed she was purchasing a farm in Wisconsin. Chase Bank never questioned these transactions nor made any report to Adult Protective Services or law enforcement. All told, Ms. Osborne lost $328,712.00 from her Chase account.

If Wells Fargo and/or Chase Bank had made the required reporting when Ms. Osborne requested the first cashier's check or money order, it would have prevented the larger total losses that Ms. Osborne endured.

### III.   JUDICIAL STANDARD

A defendant may remove a case from state to federal court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states, and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). When a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). All factual allegations in the complaint are evaluated in the light most favorable to the plaintiff. *Saridakis v. United Airlines*, 166 F.3d 1272, 1275–76 (9th Cir. 1999).

Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. A court "resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2000).

### IV.   DISCUSSION

Plaintiffs argue that the Court should remand this action because both Wells Fargo and Plaintiffs are citizens of California, and thus, complete diversity does not exist. Alternatively, Plaintiffs argue that the probate exception and/or the *Younger* abstention doctrine ("*Younger* Doctrine") should apply, making the exercise of jurisdiction by this Court improper. The Court addresses each argument in turn.

#### A.   Diversity of Citizenship

Plaintiffs assert lack of complete diversity, on the ground that they are citizens of California, and Wells Fargo is both a citizen of California and South Dakota. Because Plaintiffs contest a jurisdictional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 22-cv-05986-RGK-MAA | Date | 10/31/2022 |
|---|---|---|---|
| Title | *Graham et al v. Wells Fargo Bank, N.A. et al.* | | |

fact, Defendants bear the burden to establish complete diversity by a preponderance of the evidence.[1] The Court finds that Defendants have satisfied their burden.

Defendants are national banks. The controlling statute, 28 U.S.C. section 1348, provides that "[a]ll national banking associations shall . . . be deemed citizens of the States in which they are respectively located." The Ninth Circuit has clarified that, for purposes of diversity jurisdiction, a national bank is a citizen only of the state in which its main office is located. *Rouse v. Wachovia Mortg. FSB*, 747 F.3d 707, 709 (9th Cir. 2014).

Plaintiffs assert that because Wells Fargo identifies California as its principal place of business, it is domiciled in California, as well as South Dakota. However, Wells Fargo shows South Dakota as its main office through its registration with the federal Office of the Comptroller of the Currency[2] ("OCC"). Following the explicit language from *Rouse*, these facts are sufficient to establish that Wells Fargo is only a citizen of South Dakota. Therefore, Wells Fargo is completely diverse from Plaintiffs.[3]

**B.    The Probate Exception**

The probate exception leaves to state probate courts the jurisdiction regarding the probate or annulment of a will and the administration of a decedent's estate. It also precludes federal courts from assuming in rem jurisdiction and disposing property that is in the custody of the state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006); *see also Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 227 (3d Cir. 2007) ("[U]nless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court, the probate exception does not apply.")

An action is *in rem* when it "determine[s] interests in specific property as against the whole world." *State Eng'r of State of Nev. v. S. Fork Band of Te-Moak Tribe of W. Shoshon Indians of Nev.*,

---

[1] In its Notice of Removal, Defendants sufficiently allege that the amount in controversy exceeds $75,000, and the Plaintiffs do not dispute that fact.
[2] The OCC regulates and supervises all national banks.
[3] The Court notes that Wells Fargo was the national bank that the *Rouse* holding relates to. There, the Ninth Circuit opinion held that "a national banking association is a citizen only of the state in which its main office is located. Accordingly, Wells Fargo is a citizen only of South Dakota, where its main office is located[.]" Plaintiffs attempt to support their argument with a case from the Southern District of California, decided three years prior to *Rouse*. This argument is without merit, as *Rouse* is the binding legal authority on this matter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 22-cv-05986-RGK-MAA | Date | 10/31/2022 |
|---|---|---|---|
| Title | *Graham et al v. Wells Fargo Bank, N.A. et al.* | | |

339 F.3d 804, 811 (9th Cir. 2003). "Under California law, a suit proceeds *in rem* [only] where property is 'seized and sought to be held for the satisfaction of an asserted charge against property without regard to the title of individual claimants to the property.'" *Hanover Ins. Co. v. Fremont Bank*, 68 F. Supp. 3d 1085, 1109 (N.D. Cal. 2014) (quoting *Lee v. Silva*, 197 Cal. 364, 368 (1925)). "On the other hand, where a party initiates an action merely to 'determine the personal rights and obligations of the [parties],' the court asserts *in personam* jurisdiction." *Hanover Ins. Co.*, 68 F. Supp. 3d at 1109 (quoting *Pennoyer v. Neff*, 95 U.S. 714, 727 (1877)).

Defendants argue that Plaintiffs' claims for elder abuse do not fall within the narrow scope of the probate exception. Defendants further assert that Plaintiffs are seeking *in personam* damages, not a *res* in custody of the state court. Plaintiffs counter that there is, in fact, *res* at issue—the money that was lost is considered the subject of the conservatorship estate and should be returned.

Here, the Court, in adjudicating a claim for elder abuse, would not be exercising *in rem* jurisdiction over a *res* in order to dispose of any property that is currently in the custody of the state probate court. Plaintiffs seem to misunderstand the *Marshall* holding. While *Marshall* helps illustrate the scope of the probate exception it simply does not apply to the instant case. *Marshall* states, "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume the rem jurisdiction over the same *res*." *Marshall*, 574 U.S. at 311. In *Marshall*, the Court applied the probate exception to the administration of the estate, but held that the tort claim for monetary damages should proceed in federal court. *Id.* at 313. In this case, Plaintiffs request the adjudication of their elder abuse claims and seek *in personam* damages. They are not requesting any relief that coincides with the determination of the conservatorship's interest in the sum of money Ms. Osborne lost. Instead, Plaintiffs are pursuing an action which rests squarely on the obligations of Wells Fargo and Chase Bank, and Plaintiffs seek monetary damages for a breach of those obligations. Plaintiffs argue that because the state probate court can handle the matter at hand, and the litigation was originally filed in the state probate court, the Court should refuse to exercise jurisdiction. However, probate courts may only strip a federal court of jurisdiction when an action fits squarely into the very narrow probate exception. *See McClellan v. Carland*, 217 U.S. 268, 281 (1910) (holding that the jurisdiction of federal courts cannot "be impaired by subsequent state legislation creating courts of probate").

Additionally, Plaintiffs are not pursuing an action that involves the conservatorship proceeding itself nor relief that exerts authority over the conservatorship proceeding. The state probate court has not, in both past or present, taken possession, custody, or control of the money that Plaintiffs are now seeking. In fact, the complaint alleges wrongful conduct that occurred months prior to the forming of the conservatorship. A final judgment in this case, similar to the tort claim in *Marshall*, would only determine whether Plaintiffs are owed damages, and would not affect the existence of the conservatorship or its ongoing proceeding. Simply put, Plaintiffs' claims are outside of the confines of the administration of the conservatorship, and thus within federal jurisdiction. *See Markham v. Allen*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 22-cv-05986-RGK-MAA | Date | 10/31/2022 |
|---|---|---|---|
| Title | *Graham et al v. Wells Fargo Bank, N.A. et al.* | | |

326 U.S. 490, 494 (1946) (holding that as long as the federal court does not interfere with the probate proceedings, assume general jurisdiction of the probate, or control the property in the custody of state court, the federal court may exercise its jurisdiction).

### C.     The *Younger* Doctrine

The *Younger* Doctrine is rooted in the idea of comity, and instructs federal courts to abstain from adjudicating cases that are pending in state proceedings. *Younger v. Harris*, 401 U.S. 37, 43 (1971). The *Younger* Doctrine applies only to three categories of cases: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) civil proceedings involving certain orders uniquely in the furtherance of the state courts' ability to perform their judicial functions. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). The civil enforcement proceeding category requires that such proceedings be "akin to a criminal prosecution" in "important respects." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604, (1975). If a state proceeding falls into one of these categories, the *Younger* Doctrine is applicable, but only if the three additional factors laid out in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982) are also met: that the state proceeding is (1) "ongoing"; (2) "implicate[s] important state interests"; and (3) "provide[s] adequate opportunity ... to raise constitutional challenges." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (quoting *Middlesex*, 457 U.S. at 432).

Here, Plaintiffs are suing Defendants in a civil action alleging elder financial abuse and seeking monetary damages. Plaintiffs' action plainly does not fit into the first category of cases as this case does not involve any ongoing criminal prosecution, nor does it fit into the second category because this proceeding is not one for any type of enforcement related to a criminal prosecution. *See Herrera*, 918 F.3d at 1044. Nor does the action fit into the third category, as it does not involve any order that uniquely touches on the state court's ability to perform its judicial function. *See Sprint*, 571 U.S. at 79; *see also Applied Underwriters, Inc. v. Lara*, 37 F.4th 579, 588 (affirming the district courts decision that an insurance conservatorship does not fall under the third category). As Plaintiffs have not presented an action that fits into any one of these categories, the Court need not discuss the *Middlesex* factors, and must follow through with its obligation to hear and decide the case. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (finding that the federal court's obligation to hear cases, when jurisdiction is proper, is "virtually unflagging").

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 22-cv-05986-RGK-MAA | Date | 10/31/2022 |
|---|---|---|---|
| Title | *Graham et al v. Wells Fargo Bank, N.A. et al.* | | |

### V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand. Answers due on or before November 21, 2022.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/v |